# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DONNA MARIE HOLLAND, *et al.*,

    Plaintiffs,

    v.

ISLAMIC REPUBLIC OF IRAN, *et al.*,

    Defendants.

Civil Action No. 01-1924(CKK)

## MEMORANDUM OPINION
(April 21, 2008)

On March 25, 2008, Plaintiffs filed a Motion for Supplemental Relief, seeking "entry of a judgment for not less than $522.5 million in compensatory and punitive damages against" Defendants, jointly and severally. Although not styled as such, Plaintiffs' Motion essentially seeks to alter or amend this Court's February 1, 2006 Order granting Plaintiff's Motion for Entry of Final Judgment in this matter. *See* Docket No. [40]. Plaintiffs' Motion for Supplemental Relief is premised upon Section 1083 of the National Defense Authorization Act for Fiscal Year 2008 (the "2008 Defense Authorization Act"), Pub. L. No. 110-181, 122 Stat. 3, which amended the Foreign Sovereign Immunities Act ("FSIA") by adding a new section, § 1605A, in Title 28 of the United States Code. The 2008 Defense Authorization Act was signed by President George W. Bush and enacted into law on January 28, 2008. As amended, 28 U.S.C. § 1605A, *inter alia*, creates a private, federal cause of action against a foreign state that is or was a state sponsor of terrorism, and provides that damages against the foreign state and its agents may include economic damages, solatium, pain and suffering, and punitive damages. 28 U.S.C. § 1605A(c).

Section 1083(c) of the 2008 Defense Authorization Act is entitled "Application to

Pending Cases" and provides that, upon motion by the plaintiffs, the amendments to the FSIA

shall be given effect with respect to any action that (1) was brought under 28 U.S.C. § 1605(a)(7)

before January 28, 2008; (2) relied upon 28 U.S.C. § 1605(a)(7) as creating a cause of action; (3)

has been adversely affected on the grounds that 28 U.S.C. § 1605(a)(7) fails to create a cause of

action against the foreign state; and (4) "as of [the] date of enactment [*i.e.*, January 28, 2008], is

before the courts in any form, including on appeal or motion under rule 60(b) of the Federal

Rules of Civil Procedure[.]"  Pub. L. No. 110-81, Div. A., Title X, § 1083(c); 28 U.S.C. § 1605A

Note.  Section 1083(c) thus provides that Section 1605A only applies to cases brought prior to

January 28, 2008 if they meet the four requirements set forth above.

Plaintiffs' Motion for Supplemental Relief glosses over the fourth requirement of Section

1083(c).  *See* Pl.'s Mot. at 9.  Nevertheless, a review of that section's plain text reveals that the

instant case falls outside of the category of pending cases as to which the FSIA amendments

apply.  As noted above, the Court's February 1, 2006 Order granted Plaintiffs' Motion for Entry

of Final Judgment.  Docket No. [40].  That Final Judgment was not appealed, and no motions or

other matters were pending before the Court as of January 28, 2008, the date on which the

National Defense Authorization Act for Fiscal Year 2008 was enacted.  Indeed, no motions were

filed at all in this case during the interim between the February 1, 2006 Final Judgment and

Plaintiffs' March 25, 2008 filing of their Motion for Supplemental Relief.  Plaintiffs'

suggestion–that this case is currently pending because of the open-ended possibility of filing an

attachment or executing the judgment in the future–is inconsistent with the statutory language

that requires the case to be before the Court as of January 28, 2008.  The Court therefore

concludes that this case is outside the category of prior actions covered by Section 1083(c)

because it was not "before the courts in any form" as of January 28, 2008.

## CONCLUSION

For the foregoing reasons, the Court shall deny Plaintiffs' [42] Motion for Supplemental

Relief.  An appropriate Order accompanies this Memorandum Opinion.


Date: April 21, 2008


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
