UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNA MARIE HOLLAND et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action 01-1924 (CKK) |
| | ) |
| THE ISLAMIC REPUBLIC | ) |
| OF IRAN, et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' MOTION TO REVIVE AND EXTEND JUDGMENT OF FEBRUARY 1, 2006

Plaintiffs Donna Marie Holland, James Holland and Chad Holland hereby move to revive and extend the Judgment entered by this Court on Feb. 1, 2006, against Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS") and the Iranian Islamic Revolutionary Guard Corps ("IRGC"). A copy of that Judgment Order is attached hereto as Exhibit A.

DC Code Section 15-101(a) provides that a judgment for the payment of money, such as the one entered herein, is valid and can be enforced for twelve (12) years from the date of entry. See, e.g., *Nat'l Bank of Washington v. Carr*, 829 A.2d 942, 943 (D.C. App. 2003).

However, the twelve-year lifespan of the judgment can be renewed when the judgment creditors move to revive the judgment before the 12-year period runs out. "When a motion for renewal of a money judgment is made within the twelve-year period prescribed in DC Code Section 15-101(a), an order extending judgment that is entered after expiration of the statutory

1

period is valid and enforceable." *United States v. Cortez W. Peters Business College*, 865 F.2d 1330, 1330 (DC Cir. 1988); *Michael v. Smith*, 221 F.2d 59 (D.C. Cir. 1955).

Courts generally grant timely motions to revive and extend. See., e.g., *Blackman v. District of Columbia*, No. 97-1629 (PLF) (D.D.C. March 6, 2017)(copy attached as exhibit B). This motion is timely, as it is filed well before Feb. 1, 2018.

In this case, plaintiffs have moved for an Order authorizing them to pursue attachment in aid of execution and execution of judgment. Docket #48. This Court granted that Order. Docket #51. Plaintiffs have pursued a number of potential ways to satisfy their judgment, and are continuing to do so, both domestically and abroad. Although no Defendant has paid any of it, plaintiffs have recovered some compensation on their judgment from the United States Victims of State Sponsored Terrorism Fund ("USVSST"). This fund was created by legislation codified at 34 U.S.C. Section 20144 from the payment to the United States Treasury of certain fines, penalties, sanctions, and forfeited assets primarily stemming from settlements reached by financial institutions with the Justice Department for violations of Iranian sanctions laws and regulations. In order to become eligible for distributions from this fund, plaintiffs had to agree to subrogate their claims to the United States to the extent and in the amount of their payments from the fund. 34 U.S.C. Section 20144(d)(5). Distributions are made periodically in amounts that reflect a pro rata allocation of available funds among all judgment creditors of state sponsors of terrorism who submit applications to the Fund. 34 U.S.C. Section 20144 d)(3)(A).

In the first distribution authorized by the USVSST Fund in 2016, plaintiffs herein recovered approximately 13 percent of the compensatory damages awarded by the Court in this case in 2006. Plaintiffs remain eligible for additional distributions from this fund when they become available, and also continue to pursue enforcement of the rest of their judgment by other

means. As of the date of this Motion To Revive, approximately 87 percent of their judgment (prior to calculation of post-judgment interest accrued since 2006) remains uncollected from any source.

## CONCLUSION

For the reasons stated, the Court should enter an Order reviving and extending the judgment for money damages entered in favor of plaintiffs and against defendants in this case on February 1, 2006, for an additional 12 years.

Respectfully submitted,

/s/__Paul G Gaston_____
Paul G. Gaston, DC Bar #290833
LAW OFFICES PAUL G. GASTON
1901 Pennsylvania Avenue, NW, Suite 607
Washington DC 20006
202-296-5856
paul@gastonlawoffice.com

*Attorney for Plaintiffs*