# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNA MARIE HOLLAND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 01-1924 (CKK) |

**ORDER**

Upon consideration of Plaintiffs' Second Amended Complaint, the evidence presented at trial, the entire record in this case, and for the reasons set forth in this Court's Memorandum Opinion of October 31, 2005, it is, this 1st day of February, 2006, hereby

**ORDERED** that the Court enters final judgment against Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Islamic Revolutionary Guard Corps ("IRGC"), jointly and severally, and in favor of Plaintiff Donna Holland on Count I (Wrongful Death) of Plaintiffs' Second Amended Complaint for economic and compensatory damages in the amount of $620,743.00; it is further

**ORDERED** that the Court enters final judgment against Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Islamic Revolutionary Guard Corps ("IRGC"), jointly and severally, and in favor of Plaintiffs James Holland and Chad Holland on Count I (Wrongful Death) of Plaintiffs' Second Amended Complaint for economic and compensatory damages in the amount of $310,371.50 for each of them, and on Count II (Loss of Parental Consortium) of Plaintiffs' Second Amended Complaint for economic and compensatory damages in the amount of $12,000,000.00 for each of them; it is further

**ORDERED** that the Clerk of the Court is to arrange for this Order to be translated into Farsi and cause a copy of the Order and translation thereof to be transmitted to the United States Department of State for service upon Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Islamic Revolutionary Guard Corps ("IRGC") through diplomatic channels.

**SO ORDERED.**

_/s/_
COLLEEN KOLLAR-KOTELLY
United States District Judge

# EXHIBIT B

MIKEISHA BLACKMAN, et al.,
Plaintiffs,
v.
DISTRICT OF COLUMBIA, et al.,
Defendants.

Civil Action No. 97-1629 (PLF)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

March 6, 2017

MEMORANDUM OPINION AND ORDER

The matter before the Court is plaintiffs' motion to revive an order for the payment of money. See Plaintiffs' Motion for an Order of Revival of a Decree for the Payment of Money ("Plaintiffs' Motion") [Dkt. 2538]. On August 5, 2004, the Court granted plaintiffs' motion for the payment of attorneys' fees and costs with respect to a matter brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq. (2000). Blackman v. Dist. of Columbia, 328 F. Supp. 2d 36 (D.D.C. 2004). The Court ordered defendants to pay the following sums: $12,894.23 to plaintiff Diane Blackwell; $10,964.53 to plaintiff Victoria Harris; and $4,528.34 to plaintiff Dionne Timmons. Id. at 45-46.

At the time, Congress had placed a permanent cap on the amount of attorneys' fees the District of Columbia must pay in lawsuits brought under the IDEA. See District of Columbia Appropriations Act, Pub. L. 107-96, § 140, 115 Stat. 923, 958 (2001); Whatley v. Dist. of Columbia, 447 F.3d 814, 820-21 (D.C. Cir. 2006). In 2009, Congress amended the IDEA to prohibit funds in excess of $4,000 to be paid by the District of Columbia toward attorneys' fees in IDEA proceedings initiated before 2009, but Congress did not include a cap for future cases.

Page 2

See Omnibus Appropriations Act, Pub. L. No. 111-8, § 814, 123 Stat. 524, 697 (2009); Allen v. Dist. of Columbia, 128 F. Supp. 3d 74, 78-79 (D.D.C. 2015). In accordance with the cap, defendants paid the following amounts: $4,317.35 to plaintiff Diane Blackwell; $4,204.70 to plaintiff Victoria Harris; and $4,154.03 to plaintiff Dionne Timmons. Plaintiffs' Motion at 2. Under this Court's August 5, 2004 Opinion and Order, plaintiffs are still owed the following amounts plus interest: $8,576.88 to plaintiff Diane Blackwell; $6,759.83 to plaintiff Victoria Harris; and $374.31 to plaintiff Dionne Timmons. Defendants concede that they owe plaintiffs the outstanding sums, but state that they have paid up to the cap allowed by Congress and cannot pay more. Defendants' Response at 1-2 [Dkt. 2540]. They do not, however, oppose plaintiffs' motion to revive. Defendants' Response to Plaintiffs' Motion for an Order of Revival of a Decree for the Payment of Money at 2 [Dkt. 2539].

Under D.C. Code § 15-101, final judgments and decrees for the payment of money are enforceable for a period of 12 years and may be extended or revived within that 12-year period. See Mayo v. Mayo, 508 A.2d 114, 115 (D.C. 1986). This Court's August 5, 2004 Opinion and Order — although not a judgment or decree on its face — is considered a judgment under D.C. Code § 15-101. See Allen v. Dist. of Columbia, 128 F. Supp. 3d 74, 80-81 (D.D.C. 2015). A court may issue an order of revival "during the period of twelve years . . . from the date of the order, extend[ing] the effect and operation of the judgment or decree . . . for the period of [an additional] twelve years from the date of the order." D.C. CODE § 15-103. Plaintiffs filed their motion to revive on July 15, 2016 — three weeks before the 12-year period expired on August 5, 2016. This Court may issue an order of revival after the 12-year enforcement period, so long as the motion for revival is timely — as it was here. Nat'l Bank of Wash. v. Carr, 829 A.2d 942, 943 (D.C. 2003).

fast

Page 3

There is little case law discussing D.C. Code §§ 15-101 and 15-103 and when a court may issue an order of revival. The D.C. Court of Appeals has stated that courts should grant an order of revival if the defendant offers "no other defense or cause why the judgment should not be revived." Id. at 945; cf. Michael v. Smith, 221 F.2d 59, 61 (D.C. Cir. 1955). Although it is unclear whether Congress will ever lift the cap on attorneys' fees in lawsuits brought under the IDEA in the District of Columbia prior to 2009, this Court has found no authority requiring the denial of plaintiffs' motion on that basis. Defendants have offered no reason why this Court should deny the motion, and, in fact, they concede that they owe plaintiffs the outstanding sums.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for revival [Dkt. 2538] is GRANTED; and it is

FURTHER ORDERED that the period of enforceability for the decree for the payment of money in the Court's August 5, 2004 Opinion and Order shall be extended for an additional period of 12 years from the date of this Order.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: March 6, 2017



-2-